UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE BAR,<br><br>　　　　Defendant. | Case No. 15-mc-80129-JSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REFERRAL FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE: MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 1, 2 |

　　　　Presently before the Court in this miscellaneous action is Plaintiff Bryan Robinson's request to proceed *in forma pauperis* and "Ex Parte Motion for a Temporary Restraining Order," filed May 6, 2015. (Dkt. No. 1.) Plaintiff, an attorney proceeding pro se, seeks to enjoin Defendant California State Bar from moving ahead with disciplinary proceedings against him, which were set to begin 2 hours after Plaintiff filed this motion. Having considered Plaintiff's submissions, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis*. However, as neither party has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), the Court does not have authority to decide the motion for a temporary restraining order, as it constitutes a dispositive ruling under the circumstances presented here.[1] Accordingly, the Court orders that this case be REASSIGNED to a District Judge. For the reasons explained below, the Court RECOMMENDS that the District Court DENY Plaintiff's motion for a temporary restraining order and order to show cause why preliminary injunction should not issue.

---

[1] Plaintiff did not submit with his motion for temporary restraining order a copy of a complaint, as the Local Rules require. *See* N.D. Cal. L.R. 65-1(a). While a motion for a temporary restraining order is normally not dispositive, there is no pending complaint in this action so the sole issue before the court is the present motion. An order denying the motion is therefore dispositive to the entire action.

**BACKGROUND**

Based on the papers submitted,[2] it appears that the California State Bar initiated disciplinary proceedings related to a bankruptcy case Plaintiff was involved in.[3] The bankruptcy court issued an order holding Plaintiff in civil contempt and imposing sanctions. Plaintiff appealed those and all other underlying orders in the bankruptcy case in September of 2013, which is now pending appeal in the Ninth Circuit. Plaintiff filed an application to proceed with his appeal *in forma pauperis* ("IFP"), but the court did not grant it due to lack of specificity. In November of 2014, the California State Bar initiated disciplinary proceedings against Plaintiff; a trial on those charges was noticed for May 6, 2015. Plaintiff has since filed a renewed application to proceed IFP, which is scheduled to be heard in June 2015. In any event, because he has neither paid the filing fee nor been granted IFP status, Plaintiff has been unable to access the docket for that Ninth Circuit case, and therefore has no access to documents that, in Plaintiff's view, are necessary for his defense in the disciplinary proceedings. Plaintiff contends that continuing with the disciplinary proceedings would violate his "First Amendment right of Access to Justice and to present evidence to address the charges against him" and would violate his rights to substantive and procedural due process and deprive him of equal protection of the law due to his impoverished economic status.

**DISCUSSION**

A.   **Application to Proceed *In Forma Pauperis***

Plaintiff moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Dkt. No. 2.) The Court finds that Plaintiff has shown good cause that he is unable to pay the filing fee associated with this action. Accordingly, the Court GRANTS Plaintiff's request to proceed IFP.

B.   **Motion for Temporary Restraining Order**

The standards for issuing a temporary restraining order and a preliminary injunction are

---

[2] Again, there is no complaint in this miscellaneous action so the Court recites the factual background set forth in Plaintiff's motion for a temporary restraining order. (*See* Dkt. No. 1 at 1-2.)

[3] Plaintiff has not provided case numbers or any other information—such as pleadings—regarding the bankruptcy case or disciplinary proceedings.

2

"substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). This type of injunctive relief is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a temporary restraining order, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *see also Winter*, 555 U.S. at 21-22; *Cal. Pharms. Ass'n v. Maxwell-Jolly*, 563 F.3d 947, 849 (9th Cir. 2009). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

    1.    <u>Likelihood of Success</u>

The first factor is success on the merits. *Winter*, 555 U.S. at 20. It is not enough to show a mere "possibility" of success. *Id.* at 22. Rather, there must be a "clear showing" that the plaintiffs are entitled to preliminary relief. *Id.* Plaintiff seeks injunctive relief barring Defendant from continuing disciplinary proceedings against him.

The abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), prevent the Court from enjoining the ongoing State Bar proceedings. Under *Younger*, a federal court must abstain from exercising its jurisdiction where (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). The Supreme Court has applied this doctrine to require abstention when a state bar proceeding overlaps with a federal action. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 434 (1982). "The Ninth Circuit has repeatedly held that *Younger* abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar of California." *Kay v. State Bar of Cal.*, No. C 09-1135 PJH, 2009 WL 837515, at *1 (N.D. Cal. Mar. 26, 2009); *see also, e.g.*, *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir.

3

2005); *Hirsch v. Justices of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995); *Kinney v. State Bar of Cal.*, No. C-13-1396 MMC, 2013 WL 1331971, at *2 (N.D. Cal. Mar. 29, 2013); *Dickstein v. State Bar of Cal.*, No. C-12-4676 MMC, 2012 WL 4933277, at *1 (N.D. Cal. Oct. 16, 2012); *Gjerde v. State Bar of Cal.*, No. C 12-01594 RS, 2012 WL 1189091, at *1 (N.D. Cal. Apr. 6, 2012).

Here, there is no question that the State Bar disciplinary proceedings were initiated by the State of California. *See Kay*, 2009 WL 837515, at *1. State Bar disciplinary proceedings implicate important state interests. *See Middlesex*, 457 U.S. at 434; *see also Kay*, 2009 WL 837515, at *1 (citation omitted). "While the California Constitution precludes the State Bar Court from considering federal constitutional claims, such claims may be raised in judicial review of the Bar Court's decision. Thus, the State Bar's procedures are fully consistent with federal due process." *Kay*, 2009 WL 837515, at *1 (citations omitted); *see also Hirsch*, 67 F.3d at 713; *Canatella*, 404 F.3d at 1110. Finally, the relief that Plaintiff seeks is an order enjoining the State Bar proceedings. For each of these reasons, *Younger* abstention applies and the Court therefore declines to exercise its jurisdiction over this miscellaneous action.

Plaintiff's argument to the contrary is unavailing. Plaintiff contends that *Younger* abstention is inapplicable where, as here, "the Federal appeal . . . predated the notice of disciplinary charges by the California State Bar[.]" (Dkt. No. 1-1 at 5.) Even if, as Plaintiff posits, the issues in the Federal appeal of the bankruptcy matter are *related* to the State Bar proceedings, their relatedness does not justify skirting the *Younger* doctrine for several reasons. First, the Court lacks jurisdiction over Plaintiff's federal case during the pendency of the appeal. *See G&M, Inc. v. Newborn*, 488 F.2d 742, 746 (9th Cir. 1973) (when a proper notice of appeal has been timely filed, the general rule is that jurisdiction over matters involved in the appeal is transferred from the district court to the court of appeals); *see, e.g.*, *Rimac v. Duncan*, No. 07-0298 SC, 2007 WL 2014207, at *1 (N.D. Cal. July 11, 2007). Second, the federal action was before an entirely different court at the trial level; thus, even if the appeal were complete, this Court would not have jurisdiction.

Moreover, Plaintiff has not established that the two matters implicate the same rights or

4

claims. Although he asserts as much in a conclusory manner (*see* Dkt. No. 1-2 ¶ 2), he has not provided the contempt or sanction orders in the bankruptcy matter nor the charges in the disciplinary proceedings. Plaintiff has merely argued that documents related to his Ninth Circuit appeal are relevant to his defense. In a sense, Plaintiff is comparing apples to oranges; the question under *Younger* is whether the federal case in which the plaintiff is seeking injunctive relief existed prior to state proceedings—*i.e.*, *this* action, not the bankruptcy action. The plain answer is that it did not. Thus, there is no federal case before the Court that predates State Bar proceedings in a manner that would skirt *Younger* abstention.

Plaintiff has failed to establish the likelihood of success on the merits for an additional reason, as well: there is no complaint in this action, so it is not even clear what the ultimate issues would be. "To obtain federal injunctive relief impeding a pending state court proceeding, the federal plaintiff must surpass the normal showing of irreparable injury, and posit the existence of irremediable harm both 'great and immediate.'" *Hedges v. Wesley*, No. 2:15-cv-00713-CAS (SSx), 2015 WL 470379, at *3 (C.D. Cal. Feb. 3, 2015) (citations omitted). For each of the above reasons, Plaintiff has failed to make such an extraordinary showing here.

2.  Irreparable Harm

To establish the potential for immediate, irreparable harm, Plaintiff argues that if the disciplinary proceedings continue, he will lose the case, and in doing so, will lose his economic and property right to practice law. (Dkt. No. 1 at 6.) But the harm Plaintiff identifies is neither immediate nor irreparable. While Plaintiff seems to insist that he will lose the disciplinary matter and have his license to practice law revoked; the result of an adversary proceeding is never a foregone conclusion. Thus, the harm is speculative, which weighs against the granting of a temporary restraining order. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy").

Plaintiff also alleges that he will suffer economic harm by losing his license to practice law and reputation harm based on the discipline. (Dkt. No. 1 at 6.) But monetary and reputational harm are not generally considered to be an irreparable injury, although it is a factor that should be

5

considered on a case-by-case basis. *Hines v. Cal. Pub. Utils. Comm'n*, No. C-10-2813 EMC, 2011 WL 724658, at *2 (Feb. 23, 2011) (citing *Sampson v. Murray*, 415 U.S. 61, 89-90 (1974)). Even with respect to Plaintiff's purported violations of his federal rights, the Court does not find irreparable injury here, where Plaintiff has available to him the full process of state disciplinary proceedings, the opportunity to present evidence, and a chance to appeal any adverse finding including raising federal constitutional claims during the course of judicial review. *See Hirsch*, 67 F.3d at 713. Under such a circumstance, the Court does not find that Plaintiff will be subject to immediate and irreparable harms if the Court does not issue a temporary restraining order.

### 3. Balance of Equities & Public Interest

Finally, the party seeking preliminary relief must establish that the balance of equities weighs in his favor. *Winter*, 555 U.S. at 22. In determining whether a plaintiff has met this burden, courts must consider "the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). Here, the balance of equities does not favor injunctive relief.

The Ninth Circuit has repeatedly recognized that the State of California has an important interest in regulating its attorneys through disciplinary proceedings. *Hirsch*, 67 F.3d at 712 ("California's attorney disciplinary proceedings implicate important state interests."). Other courts in this District have found that damage to these interests from preliminary injunctive relief "would be quite significant" and would "impair the state's essential role" in monitoring and maintaining professionalism among the attorneys it licenses. *Gjerde*, 2012 WL 1189091, at *3. On the other hand, Plaintiff seeks to enjoin a pending disciplinary action that risks affecting his legal practice, the gravity of which the Court recognizes. Nevertheless, particularly in light of the procedures and judicial review available following disciplinary proceedings, the certain damage to the state if an injunction issues outweighs the possibility of discipline to Plaintiff.

Finally, it is well established that "it is not in the public interest to grant an injunction." *Gjerde*, 2012 WL 1189091, at *3. To the contrary, "[i]t is [ ] in the public interest to preserve California's ability to discipline its lawyers and ensure the professional conduct of all state licensed attorneys." *Id.* Thus, this factor weighs against granting a temporary restraining order.

**CONCLUSION**

For all of the above reasons, the Court concludes that Plaintiff has failed to make a sufficient showing to justify entry of a temporary restraining order or to demonstrate a basis for an order to show cause on the issuance of a preliminary injunction.  Accordingly, the Court RECOMMENDS that Plaintiff's ex parte motion for a temporary restraining order and order to show cause be DENIED.

**IT IS SO ORDERED.**

Dated:  May 6, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7