United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYAN ROBINSON,

           Plaintiff,

    v.

CALIFORNIA STATE BAR,

           Defendant.

Case No.  15-mc-80129-JD

**ORDER ADOPTING REPORT & RECOMMENDATION**

Re: Dkt. Nos. 1, 4, 8

The Court has carefully reviewed Magistrate Judge Jacqueline Scott Corley's report and recommendation, which recommends denial of plaintiff Bryan Robinson's ex parte motion for a temporary restraining order against the California State Bar to enjoin it from proceeding with disciplinary proceedings against him, and for an order to show cause why a preliminary injunction should not issue.  *See* Report and Recommendation ("R&R"), Dkt. No. 4.  Magistrate Judge Corley pointed out that the Ninth Circuit, along with numerous judges in this district, have held that *Younger* abstention generally requires federal courts to refrain from enjoining ongoing California State Bar disciplinary proceedings.  *See* R&R at 3:25-4:5 (citing cases).

Mr. Robinson filed objections to the R&R, *see* Dkt. No. 8, as permitted by Rule 72(b) of the Federal Rules of Civil Procedure, and the Court determines de novo the portions of the report and recommendation that he objects to.[1]  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court finds that the R&R was correctly decided.

Mr. Robinson concedes that the Ninth Circuit precedent cited by Magistrate Judge Corley requires *Younger* abstention in cases like this, but claims nevertheless that "[t]he Ninth Circuit incorrectly interprets the Younger abstention doctrine as an absolute unrebuttable presumption that always weighs in favor of the State Bar, when the opposite position is supposed to be the case."

---

[1] The Court overlooks on this one occasion the fact that Mr. Robinson's objection did not comply with Civil Local Rule 72-3's requirement that Rule 72(b) objections must be characterized as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge" and "must specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made."

*See* Dkt. No. 8 at 2:1-3.  As a preliminary matter, this is simply incorrect:  the Ninth Circuit does not apply a presumption either for or against abstention, but has simply concluded in similar cases that abstention is warranted based on a straightforward application of the test set forth by the Supreme Court in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 437 (1982).  Nor is it the case that courts must put a finger on the scales either for or against abstention:  "[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."  *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc).  But the more fundamental problem is that no matter what the frankly doubtful merits of Mr. Robinson's position may be, district courts are "bound by the law of their own circuit."  *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987).  It is not this Court's place to find that the Ninth Circuit incorrectly interprets *Younger* abstention, even if it were inclined to do so, which is not the case.  Consequently, in this and all other respects, the Court finds Magistrate Judge Corley's report and recommendation to be correct.

The Court also notes that Mr. Robinson's initial motion indicates that a state bar disciplinary hearing was scheduled to begin less than two hours after he filed his ex parte motion. *See* Dkt. No. 1-1 at 3.  Now that the hearing has presumably occurred, it is unclear whether Mr. Robinson seeks any further relief against the state bar.  But to the extent Mr. Robinson's motion is not moot, the Court agrees that the motion should be dismissed for the reasons given in Magistrate Judge Corley's report.  Consequently, the Court adopts the report and recommendation in full. Mr. Robinson's ex parte motion for a temporary restraining order and order to show cause is denied.  The clerk will enter final judgment.

**IT IS SO ORDERED.**

Dated: May 28, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2